IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WOODS,

                       Plaintiff,                     OPINION AND ORDER

     v.

                                         25-cv-1022-wmc

BEACON SPECIALIZED LIVING
WISCONSIN, INC., DEANNA ARTHUR,
and MADISON COPELAND,

                      Defendants.

---

Self-represented plaintiff Charles Woods has filed a complaint under 42 U.S.C. § 1983, alleging that defendant Beacon Specialized Living Wisconsin, Inc. ("Beacon") and its employees, Deanna Arthur and Madison Copeland, violated his rights under Title VII of the Civil Rights Act and the Due Process and Equal Protection Clauses of the Fourteenth Amendment when they rescinded a job offer after learning about his 24-year old conviction for a non-violent, drug offense.  (Dkt. #1.)  Because plaintiff has not prepaid the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).  On review, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  Even under this lenient standard, however, the court must dismiss plaintiff's complaint because his allegations against defendants fail to state a federal claim upon which relief may be granted.  However, the court will allow plaintiff an opportunity to file an amended complaint that corrects the deficiencies identified below.

ALLEGATIONS OF FACT[1]

Plaintiff Charles Woods is a resident of Wisconsin. Defendant Beacon Specialized Living Services, Inc. is a Wisconsin corporation that operates multiple facilities, including adult family homes, which are licensed and inspected by the Wisconsin Department of Health Services ("DHS"). Specifically, Beacon is an approved provider for "Wisconsin's Family Care and Family Care Partnership" program, a state-funded Medicaid waiver program. Managed Care Organizations ("MCOs") like Lakeland Care Inc. administer these waiver programs, making Beacon a direct recipient of public funds for providing state-mandated care.

On November 14, 2025, plaintiff Charles Woods applied for a "DSP position"[2] with Beacon. On November 17, he received and accepted a formal offer of employment. After Beacon requested a background check, plaintiff disclosed that he had been convicted in federal court in 2001 on a non-violent, drug charge. On November 20, Beacon rescinded plaintiff's offer via email, without performing any individualized assessment of his fitness for the position. At that time, plaintiff was employed as a DSP with another organization.

OPINION

I. Title VII

Title VII prohibits employers from depriving individuals of employment opportunities based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(2). However, having a criminal record is not a protected class under that statute. While plaintiff alleges that

---

[1] Unless otherwise indicated, the allegations of facts in plaintiff's complaint (dkt. #1) are taken as true for purposes of screening.

[2] Although plaintiff does not identify what this position is, the court assumes he is referring to a direct support professional.

"Beacon's automatic disqualification policy has a disparate impact on protected classes and was applied without the EEOC-mandated individualized assessment" (dkt. #1, at 5), he fails to identify whether he is a member of any protected class.

In addition, "[b]efore bringing a Title VII claim, plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *see also Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (obtaining a right-to-sue letter is a "prerequisite[ ] for bringing a Title VII claim"). Indeed, a "complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001); *see also Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir. 2025) (affirming dismissal of Title VII discrimination claim because plaintiffs failed to allege that they received a right to sue letter before dismissal of the case). Here, plaintiff makes no mention of any right to sue letter from the EEOC.

Because plaintiff does not allege that he is a member of a protected class and that he exhausted his administrative remedies under Title VII, the court will not allow him to proceed with a Title VII claim. However, the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend their complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will allow plaintiff a brief opportunity to file an amended complaint if he believes he can state a claim for employment discrimination under Title VII. If plaintiff files an amended complaint, the court will screen the allegations to determine whether they state a claim for relief. If he does not submit an amended complaint by the date below, this case will be dismissed for failure to state a claim upon which relief may be granted.

## II. Constitutional Claims

To state a claim under § 1983 for the violation of his constitutional rights, plaintiff must allege that he was deprived of a constitutional right and that the deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). A non-governmental organization or its employee may be a state actor under § 1983 if there is a close enough connection between the state and the organization's or the employee's actions that those actions "may be fairly treated as that of the [s]tate itself." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009).

Plaintiff's allegations that Beacon was regulated by DHS, received public funding through the Medicaid waiver program, and was under contract with the State of Wisconsin to provide services do not, on their own, plausibly suggest that defendant Beacon and its employees are state actors. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment," *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974), nor does the "fact that a private entity performs a function that serves the public," *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). Indeed, the Supreme Court has expressly found that despite extensive state regulation and public funding, nursing homes for Medicaid patients are not state actors, especially so where the challenged action relates to an administrative decision about the day-to-day operation of the nursing home, as in this case. *Blum v. Yaretsky*, 457 U.S. 991, 1011-12

(1982) (plaintiffs failed to establish "state action" in the nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care). Accordingly, plaintiff's constitutional claims brought pursuant to § 1983 also must be dismissed, but the court will allow plaintiff an opportunity to amend his complaint if he believes that he can satisfy the state action requirement.

## ORDER

IT IS ORDERED that:

1) Plaintiff Charles Woods is DENIED leave to proceed and his complaint (dkt. #1) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2) Plaintiff has until **May 22, 2026**, to file an amended complaint that states a federal claim for relief as discussed in this order. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 22nd day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5